UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIMAEL INTERIANO ORELLANA,<br><br>             Petitioner,<br><br>        v.<br><br>FACILITY ADMINISTRATOR, DESERT VIEW et al.,<br><br>             Respondents. | Case No. 5:26-cv-03141-MCS-DFM ADELANTO<br><br>**ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 10)** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 10). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees in part with the Magistrate Judge.

The Magistrate Judge recommends that the Court issue an order directing Respondents to release Petitioner from custody unless they provide him "an individualized bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a)

1

within seven (7) days, with instructions that the Immigration Judge has jurisdiction under 8 U.S.C. § 1226(a) to consider release on bond," and that at the hearing, "the Immigration Judge must review all evidence related to Petitioner's danger and flight risk and reach a reasoned decision regarding Petitioner's detention." (R. & R. 2.) While the Court agrees that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), the Court will not award Petitioner relief that exceeds the scope of his operative pleading. Further, Petitioner appears to be entitled to relief because he is a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025). Petitioner is thus entitled to the same relief received by the bond-eligible class, namely "consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025); *accord Rizo v. Lyons*, No. 5:26-cv-00194-SSS-BFM, 2026 U.S. Dist. LEXIS 15090, at *7 (C.D. Cal. Jan. 27, 2026) ("Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled to . . . what is guaranteed by *Bautista*'s final judgment."). The Court declines to depart from the terms of the *Maldonado Bautista* judgment, which does not specify the manner by which an immigration judge must render a decision.

In addition to an individualized bond hearing within seven days, the Magistrate Judge recommends that the Court enter an order directing Respondents to "[f]ile a statement with the court within ten (10) days, attesting to Respondents' compliance with this Order." (R. & R. 2.) The Court does not perceive this requirement as necessary given that Petitioner does not seek this relief in his petition. (*See* Pet., Req. for Relief.) Moreover, if Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals ("BIA"). Any challenge to the sufficiency of Petitioner's bond hearing should be presented to the BIA in the first instance, unless Petitioner presents grounds for excusing exhaustion. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th

Cir. 2011); *see also Lawendi v. Bowen*, No. 5:26-cv-00845-FWS-ACCV, 2026 U.S. Dist. LEXIS 59835, at *3 (C.D. Cal. Mar. 13, 2026) ("To the extent Petitioner disputes the sufficiency of the bond hearing he received, those arguments are more appropriately addressed to the Board of Immigration Appeals . . . , not [the district] court."); *Da Costa-Joao v. McGregor*, No. CV-26-00715-PHX-DWL (MTM), 2026 U.S. Dist. LEXIS 86879, at *5–6 (D. Ariz. Apr. 16, 2026) (denying relief where Petitioner sought "to raise challenges to the outcome of the bond hearing and how that hearing was conducted" because they were "challenges Petitioner could have raised via a request for review by the BIA"). Further, any potential disagreement with the merits of the immigration judge's decision concerning bond would fall outside of the Court's authority. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Salgado Valenzuela v. Semaia*, No. 5:25-cv-02853-SSS-RAO, 2025 U.S. Dist. LEXIS 256917, at *4 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the [immigration judge's] determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").

///

3

IT IS THEREFORE ORDERED that Judgment be entered granted the Petition. Respondents shall provide Petitioner Abimael Interiano Orellana (A# 246-061-627) an individualized bond hearing before an immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner an individualized bond hearing with seven days, they must immediately release him.

**IT IS SO ORDERED.**

Dated: June 24, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

4